

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00181-CR

KIERON LADARIUS RICHARDSON
A/K/A KIERON RICHARDSON

APPELLANT

V.

THE STATE OF TEXAS

STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Kieron Ladarius Richardson a/k/a Kieron Richardson entered an open plea of guilty to the offense of burglary of a habitation. The trial court withheld a finding of guilt and placed Appellant on six years' deferred-adjudication community supervision. Within the first year, the State petitioned the trial court to adjudicate Appellant's guilt and revoke his community

---

[1]*See* Tex. R. App. P. 47.4.

supervision, alleging that he had violated its terms. Appellant pled "true" to the State's petition and the trial court sentenced him to five years' confinement. Appellant filed a timely notice of appeal.

Appellant's court-appointed appellate counsel has filed a motion to withdraw and a brief in support of that motion. In counsel's brief, he certifies that, in his professional opinion, the appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967), by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for appeal. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). Appellant has filed a pro se response to the motion and *Anders* brief. By letter, the State acknowledges having received both counsel's brief Appellant's response and informs us that it will not file its own unless so ordered. We have not ordered the State to file a brief.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511; *Mays*, 904 S.W.2d at 923. Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed the record, counsel's motion and brief, and Appellant's response. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support any appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009). Accordingly, we grant the motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL: GARDNER, WALKER, and MCCOY, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: May 22, 2014